## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| **ERIC HOUSTON,** | : | |
| | : | |
| **Petitioner,** | : | |
| v. | : | |
| | : | NO. 7:20-CV-250-HL-TQL |
| | : | |
| **Warden PEARCE; Nurse** | : | |
| **CASEY; Sergeant SNAIL;** | : | |
| **A.W. SMITH; JOHN DOE,** | : | ORDER |
| | : | |
| **Respondent.** | : | |
| | : | |

Petitioner Eric Houston, a federal prisoner in the Robert A. Deyton Detention Facility in Lovejoy, Georgia, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1. He has not paid the filing fee or moved to proceed without prepayment of the filing fee. The Court assumes Petitioner wishes to proceed *in forma pauperis* and will allow him to do so for purposes of this dismissal alone.

Petitioner states he is serving a sentence after having been convicted in Knoxville, Tennessee. *Id*. at 1-2. A review of court records on the U.S. District Web PACER Docket Report reveals that on November 12, 2020 in the United States District Court for the Eastern District of Tennessee, Petitioner was convicted of distributing cocaine base, 21 U.S.C. § § 841(a)(1) and 18 U.S.C. § 841(b), and was sentenced to serve thirty-seven months imprisonment followed by six years supervised release. ECF No. 48 in *United States v. Houston*, 3:19-cr-48-TAV-HBG (E.D. Tenn. Nov. 12, 2020).

In his 28 U.S.C. § 2241 petition, Petitioner states he is challenging (1) how is sentence is being carried out, calculated, or credited by prison officials, (2) the validity of

his underlying conviction, and (3) the conditions of his confinement.  ECF No. 1 at 1-2.  Petitioner requests damages, release from prison, and to have unspecified Lovejoy police officers criminally prosecuted.  *Id*. at 7.

Petitioner has used a 28 U.S.C. § 2241 form.  *Id*. at 1.  He states that he challenges the execution of his sentence.  *Id*.  A § 2241 action is the correct vehicle for making such a challenge.  But a § 2241 "petition[] may be brought only in the district court for the district in which the inmate is incarcerated."  *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991).  Petitioner is incarcerated in Lovejoy, Clayton County, Georgia, which is in the Northern District of Georgia.

Petitioner also states that he is challenging the conditions of his confinement.  ECF No. 1 at 2.  He cannot challenge the conditions of his confinement in a 28 U.S.C. § 2241 action.  To the extent that Petitioner wishes to challenge the conditions of his confinement at the Robert A. Deyton Detention Facility, he would need to file a 42 U.S.C. § 1983 action in the Northern District of Georgia.  28 U.S.C. §1391(b) (providing that venue is appropriate in the judicial district in which any defendant resides or the district in which a substantial part of the events giving rise to the claim occurred).

Petitioner also states that he is challenging his underlying conviction.  He may not challenge the validity of his underlying conviction in a § 2241 action.  Instead, he would have to file a 28 U.S.C. § 2255 motion in the sentencing court, which is the United States District Court for the Eastern District of Tennessee.  28 U.S.C. § 2255 (providing that a § 2255 petitioner must "move the court which imposed the sentence to vacate, set aside or correct the sentence").

Regardless of whether Petitioner's action is one brought pursuant to 28 U.S.C. § 2241, 42 U.S.C. § 1983, or 28 U.S.C. § 2255, he has filed the action in the wrong court. The Court, therefore, dismisses the petition without prejudice. *See Fernandez v. United States,* 941 F.2d 1488, 1495 (11th Cir. 1991); *United States v. Pruitt*, 417 F. App'x 903, 904 (11th Cir. 2011); *Fleming v. U.S. Dep't of Homeland Sec.*, 2013 WL 2446303 at *1 (N.D. Ga. 2013) (recommending dismissal of § 2241 action for lack of jurisdiction because petitioner was not detained in the Northern District). Transfer of this action would not be "in the interest of justice" because it is unclear what type of action Petitioner seeks to file. 28 U.S.C. § 1631. Thus, there is no way for the Court to know to where the action should be transferred. The dismissal is without prejudice, and Petitioner can determine what type of action he wishes to file and file it in the appropriate court.

This action is **DISMISSED** without prejudice.

**SO ORDERED**, this 21st day of January, 2021.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT COURT